**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-399
Filed: October 20, 2015
NOT TO BE PUBLISHED

**FILED**
OCT 2 0 2015
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EVELYN GRAY,

    Plaintiff, *pro se*,

v.

THE UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Evelyn Gray,** Dorchester, Massachusetts, *pro se*.

**Jeffrey Matthew Lowry,** United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

**MEMORANDUM OPINION AND FINAL ORDER**

**BRADEN,** *Judge*.

I.     **RELEVANT FACTUAL BACKGROUND.**[1]

On March 25, 2015, March 28, 2015, and April 10, 2015, Evelyn Gray wrote a letter to the Fox Broadcasting Company, Wendy Williams Show, and Revolt TV. Compl. at 4–8 (exhibits attached to the April 20, 2015 Complaint). In each of these letters, Ms. Gray explained that her social media accounts had been hacked after communicating with several celebrities on their social media pages. Compl. at 4–8. Ms. Gray further explained that as a result, her likeness, trademark, unique style, and delivery were stolen. Compl. at 4–8. Accordingly, Ms. Gray seeks $25 million in damages from the Fox Broadcasting Company, $25 million in damages from the Wendy Williams Show, and $10 million in damages from Revolt TV. Compl. at 4–8.

---

[1] The relevant facts discussed herein were derived from Plaintiff's April 20, 2015 Complaint ("Compl.") and the exhibits attached thereto.

Ms. Gray also seeks to recover $100 million from the United States and individual celebrities such as Sean Combs, Beyoncé Knowles, and French Montana. Compl. at 1; Civil Cover Sheet, Dkt. No. 1-1, at 1.

## II. PROCEDURAL HISTORY.

On April 20, 2015, Evelyn Gray ("Plaintiff") filed a Complaint ("Compl.") in the United States Court of Federal Claims, seeking $100,000,000 for "computer intrusion," "password trafficking," "copyright piracy," "trademark counterfeiting," "theft of trade secrets," and "economic espionage."

On June 25, 2015, the Government filed a Motion To Dismiss ("Gov't Mot."), pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff never filed a Response.

On September 22, 2015, the court filed an Order requesting that Plaintiff show cause why this case should not be dismissed in light of her failure to respond to the Government's June 25, 2015 Motion To Dismiss.

On October 13, 2015, Plaintiff responded to the court's September 22, 2015 Order. Plaintiff requested that the case proceed on the merits. Dkt. No. 10, at 1.

## III. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. The plaintiff also bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put

in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B.   Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). This court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Cl. Ct. 456, 468 (1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C.   Standard For Motion To Dismiss Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

### D.   The Court's Resolution Of The Government's June 25, 2015 Motion To Dismiss.

#### 1.   *Pro Se* Considerations.

The court is cognizant of its obligation to liberally construe *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that the "pro se document is to be liberally construed"). But, *pro se* plaintiffs must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983). The court cannot simply excuse a complaint's failures. *See Henke*, 60 F.3d at 799.

#### 2.   The Merits.

As a threshold matter, a complaint must establish that the court has jurisdiction to adjudicate an alleged claim. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (holding that the plaintiff "bears the burden of establishing the court's jurisdiction over its claims by a preponderance of the evidence"). The United States Court of Federal Claims may only issue judgments for money damages against the United States, if the cause of action is grounded in a contract, a money-mandating statute, or the Takings Clause of the Fifth Amendment. *See* 28 U.S.C § 1491; *see also Testan*, 424 U.S. at 398 (holding that the Tucker Act "does not create a substantive right enforceable against the United States for money damages" and that it

"merely confers jurisdiction upon it whenever the substantive right exists"). The April 20, 2015 Complaint, however, does not allege a claim that falls within this court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1).

First, the United States Court of Federal Claims statutorily is not authorized to adjudicate claims alleging a violation of criminal law. *Id.*; *see also Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The [United States Court of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code[.]"). In this case, the only allegations Plaintiff appears to make against the Government—several cyber and intellectual property crimes—are violations of the federal criminal code. *See* 18 U.S.C. § 1030(a)(2), (6) ("computer intrusion" and "password trafficking"); 18 U.S.C. § 2319(a) ("copyright piracy"); 18 U.S.C. § 2320(a) ("trademark counterfeiting"); 18 U.S.C. § 1832(a) ("theft of trade secrets"); 18 U.S.C. § 1831(a) ("economic espionage"). As such, this court does not have the subject-matter jurisdiction to adjudicate these claims.

Alternatively, even if Plaintiff's allegations regarding an invasion of privacy and conversion of her likeness, trademark, unique style, and delivery were to fall within the realm of tort law instead of criminal law, this court is not authorized to adjudicate these claims. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . in cases not sounding in tort."); *see, e.g.*, *Martin v. United States*, 99 Fed. Cl. 627, 633–34 (2011) (dismissing a complaint alleging theft or conversion of intellectual property for lack of subject-matter jurisdiction). As such, this court does not have the subject-matter jurisdiction to adjudicate these claims.

### IV. CONCLUSION.

For these reasons, the Government's June 25, 2015 Motion To Dismiss is granted. *See* RCFC 12(b)(1). The Clerk is directed to dismiss the Plaintiff's April 20, 2015 Complaint.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**